MADDOX, Justice
(dissenting).
This Court has quashed the writ of certio-rari heretofore issued to the Court of Civil Appeals, which had written, “[biased on the clear language of § 26-17-6(a), Ala.Code 1975, and our supreme court’s opinion in [Ex parte Presse, 554 So.2d 406 (Ala.1989)], we hold that the trial court properly dismissed this action.”
In quashing the writ, this Court has, in the words of Judge Yates, who dissented from the judgment of the Court of Civil Appeals, “provide[d] putative biological fathers with a shield to avoid their duty to support their children.”[1] 662 So.2d at 913. Like Judge Yates, “I cannot condone [that] interpretation,” even though it is based on this Court’s holding in Ex parte Presse. I think Presse was incorrectly decided. See my dissenting opinion in that case, 554 So.2d at 418-32.

. Judge Yates, in dissent, stated:
"I believe that the trial court erred in dismissing the action. This Court’s interpretation of Ala.Code 1975, § 26-17-6(a), as an affirmative defense for putative fathers in the position of M.R.W. is contrary to the legislative intent and public policy. The ultimate goal of the Alabama Uniform Parentage Act is to promote full equality for children. See Ala.Code 1975, § 26-17-1. I do not believe that it was the intent of the Legislature in enacting the five-year limitations period under § 26-17-6(a) to provide putative biological fathers with a shield to avoid their duty to support their children. I cannot condone this interpretation by the Court; therefore, I respectfully dissent."
662 So.2d at 913.